IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZEDEKIAH SYKES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:18cv167-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER ON MOTION**

Before the court is federal inmate Zedekiah Sykes's "Motion for an Appeal's Bond." Doc. # 8. However, Sykes's case is not on appeal. Instead, he has a motion under 28 U.S.C. § 2255 pending in this court, by which he challenges the 36-month sentence imposed by the district court upon the revocation of his supervised release in March 2017. Doc. # 1.

Sykes was convicted of bank fraud in 2009 in the United States District Court for the District of Oregon.[1] For that offense, he was sentenced to a 51-month term of imprisonment, followed by a five-year term of supervised release. Sykes commenced supervised release in March 2013, and in April 2016 jurisdiction over his supervised release was transferred to this court.[2] Thereafter, Sykes's probation supervisor moved for revocation of his supervised release based on various violations of his terms of supervision,

---

[1] *See* Criminal Case No. CR 08-421-01-MA in the United States District Court for the District of Oregon.

[2] *See* Criminal Case No. 2:16cr93-WKW in the United States District Court for the Middle District of Alabama.

and on March 20, 2017, after a final revocation hearing, Sykes's supervised release was revoked. Sykes did not appeal that judgment, but on March 8, 2018, he filed a § 2255 motion in this court alleging claims of ineffective assistance of counsel against the lawyers who represented him in the revocation proceedings. Doc. # 1. That § 2255 motion is pending, and through his instant motion (Doc. # 8), Sykes seeks release on bond pending a final decision by this court on his § 2255 motion.

Sykes lists as his reasons to consider him for release on bond that (1) he misses his family seriously; (2) he has maintained excellent conduct in prison since April 2018, (3) he has viable employment awaiting him; and (4) he poses no flight risk if released. Doc. # 8 at 1–2.

Under this court's orders, the Government has filed a response to Sykes's motion for release on bond. Doc. # 10. The Government opposes Sykes's request for release on grounds that Sykes fails to satisfy the requirements of 18 U.S.C. § 3143(b)(1), the federal statute governing release on bond pending an appeal or a petition for writ of certiorari. Doc. # 10 at 2–5. Under that statute, a defendant may be placed on bail pending an appeal or certiorari petition where the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community . . . ; and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. . . ." 18 U.S.C. § 3143(b)(1)(A) & (B). The Government argues that

the reasons for release asserted by Sykes fail to address § 3143(b)(1)'s requirement that the defendant raise a "substantial question" of law or fact likely to result in a reversal, an order for a new trial, or a reduced sentence, and that Sykes also fails to satisfy his burden under the statute of demonstrating that he is not a flight risk. Doc. # 10 at 4–5.

Despite the Government's reliance on 18 U.S.C. § 3143(b)(1) in opposing Sykes's motion for release on bond, this statute is "inapplicable to a convicted defendant who is seeking postconviction relief . . . under 28 U.S.C. § 2255." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). *See also, e.g., Fernandez v. United States*, 2017 WL 6597535, at *13 (S.D. Fla. 2017); *McGuigan v. United States*, 2009 WL 136024, at *2 (M.D. Fla. 2009). Sykes's case is not on appeal, but instead is pending in this court on his § 2255 motion. While district courts have inherent power to place § 2255 petitioners on bail, *Fernandez*, 2017 WL 6597535, at *13, citing *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978), "[t]his power should be exercised very sparingly because '[a] defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal,' and due to the interest in the finality of criminal proceedings." *Fernandez*, 2017 WL 6597535, at *13, quoting *Cherek*, 767 F.2d at 337. "Therefore, where Section 3143 is inapplicable, a defendant should not be granted bail if he cannot even satisfy the requirements of that section." *Fernandez*, 2017 WL 6597535, at *13, citing *Cherek*, 767 F.2d at 337.

"To obtain release pending habeas review, the petitioner must overcome a 'formidable barrier.' *Wilson v. Sec'y, Dep't of Corr.*, 2016 WL 10891523, at *2 (M.D. Fla. 2016), citing *In re Roe*, 257 F.3d 1077 at 1080–81 (9th Cir. 2001); *Baker v. Sard*, 420 F.2d 1342, 1343 (D.C. Cir. 1969); *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972). Release on bail is not favored in habeas proceedings because it "supplies the sought-after remedy before the merits of petitioner's application are determined." *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2nd Cir. 1981). Consequently, petitioners are rarely granted release on bail pending disposition of their petitions. *Martin v. Solem*, 801 F.2d 234, 329 (8th Cir. 1986).

"To qualify for release, the petitioner must show (1) the presence of special circumstances in his case and (2) a clear and readily evident entitlement to relief on the merits of his habeas claims; making his application 'exceptional and deserving of special treatment in the interest of justice.'" *Wilson*, 2016 WL 10891523, at *3, citing *Aronson v. May,* 85 S. Ct. 3, 5 (1964); *Martin*, 801 F.2d at 329; *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). *See also Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) ("[b]ail should be granted to a . . . prisoner pending post-conviction habeas corpus review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary circumstances exist which make the grant of bail necessary to make the habeas remedy effective.").

Sykes's asserted grounds for release on bond, as the Government maintains, do not even satisfy the requirements of 18 U.S.C. § 3143(b)(1). Therefore, Sykes makes an even weaker case for release under the more stringent standard for release pending resolution of his post-conviction proceeding. Sykes fails to demonstrate exceptional circumstances

4

necessitating his release. Moreover, the court finds that Sykes has not demonstrated a clear and readily evident entitlement to relief on the merits of his § 2255 claims making his request for release exceptional and deserving of special treatment. *See Wilson*, 2016 WL 10891523, at *3; *Calley*, 496 F.2d at 702.

Accordingly, it is

ORDERED that Sykes's motion for release on bond pending a final decision by this court on his § 2255 motion (Doc. # 8) is DENIED.

Done this 29th day of November, 2018.

_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE