IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

ZEDEKIAH SYKES,                          /
    Petitioner, (Pro se) 2019 JAN 28 A 10:23  167
                         2-18-cv-~~176~~-WKW-TFM
                DEBRA P. HACKETT. CLK (No. 2:16-cr-93-WKW)
-vs-        U.S. DISTRICT COURT
                MIDDLE DISTRICT ALA.

UNITED STATES OF AMERICA,                /
    Respondent.                          /
                                 /
_____/

## MOTION TO SUPPLEMENT
## AND AMEND PURSUANT TO 28 U.S.C.S. § 2 2 5 5

COMES NOW, Zedekiah Sykes, (hereinafter, referred to, as the - Petitioner, (Pro se), hereby request this honorable Court to issue an Order of Immediate Release on behalf of Petitioner's expired -- term of his previous (original) supervise release.

Petitioner, further request that this Court to construe this - request and motion both raised and claim(s) under the less stringent standards for (pro se) litigants, as applied in Hanes v. Kerner, - 404 U.S. 519.520.21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000).

## ACTUAL FACTS

Petitioner Sykes, was in fact, convicted of bank fraud in 2009 in the United States District Court for the District of Oregon. And for that offense, he was in fact, (sentenced) to a (51)-month term of [im]prisonment, followed by a five-year term of supervised release in March 2013, and in April 2016 jurisdiction over his supervised release was in fact, transferred to this Court of law.

Thereafter, Petitioner Sykes' US Senior Probation Officer, a Marcus Simmons moved for revocation of his supervised release -- based on various violations of his terms of supervision, See Criminal Case No. 2:16cr93-WKW ; and on March 20, 2017, after a final revocation hearing, Sykes' supervised release was in fact, revoked.

### REASONS FOR AN ORDER OF IMMEDIATE RELEASE

FIRST: The US Supreme Court has held and well ruled that district-courts sometimes makes mistakes, rather, the mistake is perceived to be carried out with intended maliciousness or not. However, - mistakes are made from to time in order to thwart justice, and/-or, to consider the defendants nature and circumstances of the -- offenses, although the (offenses) were in fact, violations in the standard sense of violations, along with the history and charac--teristics of the defendant, to reflect the seriousness of his or her criminal history and conduct while (under supervision). Thus, the Petitioner was found to be in violation(s) of his supervise - release conditions in which the Court proceeded to sentence him - to a (3)-year term of imprisonment at revocation final disposit -ion; Instead of sentencing the defendant to not less than one-third of (original) sentence is (governed) by duration of sentence of - [ei]ther pre or post revocation which defendant could and should-have received (initially) under Federal Sentencing Guidelines, and must be at least one-third of, but not more than, maximum sentence under applicable range of [im]prisonment for defendant's original offense under Guidelines, Where text, structure, and history fail to establish unambiguously that revocation sentence should be on earlier sentence of supervise release, Supreme Court will apply-

rule of lenity, and resolve ambiguity in favor of letter carrier, who, having served 24 months in prison, is thus entitled to be released from serving any additional imprisonment. See: United States v. Granderson (1994) 511 US 39, 127 L.Ed 2d 611, 114 S.Ct. - 1259, Muscarello v. United States (1998, US).

Federal District Courts are authorized to impose additional term of supervise release following revocation of initial term and further incarceration, with regard to, rule of lenity which applied- only when equipose of competing reason(s) could not otherwise be- resolved did not demand nor command the contrary result in Petitioner Sykes' situation at his revocation hearing on March 20, 2017.

Although court may consider need to sanction individual for violating condictions of supervise release when formulating its sentence at revocation proceeding pursuant to 18 U.S.C.S. § 3583 (e), that type of "sanction" is distinct from "just punishment" referred to in 18 U.S.C.S. § 3553 (a)(2)(A); at revocation sentencing, the court may appropriately, [when appropriate], sanction violator for - his "breach of trust", but may not punish him for criminal conduct underlying revocation. See: United States v. Miqbel (2006, CA9 - Cal) 444 F.3d 1173, (United States v. Lewis (2007, CA6 Tenn) 498 F.3d 393, 2006 FED App 310P, 2007 FED App 310P), (United States v. Bolds (2007, CA6 Tenn) 511 F.3d 568, 2007 FED App 498P).

## CONCLUSION

WHEREFORE, for the herein outlined reasons mentioned, Petitioner Sykes, (fairly) request this honorable Court to enter an Order of Immediate Release on behalf of his U.S.C. 28 § 2255 in the interest of justice, especially, because the court in fact errored giving- defendant an (upward variance), thus, superceeding his (original) term of supervise release which has expired on March 15, 2018.

Therefore, the Petitioner prays-[literlly] that this onerous matter would be given the righteous attention of granting relief, especially, due to more than 2/3's of the (36)-months sanction has been served, along with the court exceeding Petitioner's (original) - (5)-years term of supervise release. See: <u>US v. Vanhoose, 437 73 d, 497, 505 and US v. Russell, 340 73d, 450, 454, (2003, 2006).</u>

Respectfully submitted:        THIS 25th DAY OF January 20 19.

_____
Zedekiah Sykes, Petitioner
Pro se

## *** CERTIFICATE OF SERVICE ***

I certify that on 01-25-2019 (Date), I mailed a copy of this document(s) and attachment(s) via first class mail to the following herein prescribed at the address(es) listed below:

> US DISTRICT COURT MIDD. OF AL
> One Church Street
> Suite B-110
> Montgomery, AL 36104

> CURTIS IVY, JR.-AUSA
> UNITED STATES ATTORNEYS OFF.
> P.O. Box 197
> Montgomery, AL 36101-0197


## *** INCARCERATED LITIGANT ***

Pursuant to 28 U.S.C. §1746. I declare under the penalty of perjury of the Laws of the United States of America that the foregoing is True and Accurate.

Date: 01/25/2019 .       _____
                              (Signature)

ZEDEKIAH SYKES
Reg. No: 61955-065
Federal Correctional Institution
P.O. Box 34550
Memphis, TN 38134-0550

MEMPHIS TN 380
25 JAN 2019 PM 4 L

⇔61955-065⇔
Us Dist Cr Midd Of Alabama
ONE Church ST
Ste., B-110
Montgomery, AL 36104
United States

*** [L E G A L   M A I L] ***

36104-401801