IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ZEDEKIAH SYKES, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:18cv167-WKW-CSC |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on Petitioner Zedekiah Sykes's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. CIV Doc. # 1.[1] Sykes challenges the 36-month sentence imposed upon the revocation of his supervised release in March 2017. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Sykes's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

## **I.  BACKGROUND**

Sykes was convicted of bank fraud in 2009 in the United States District Court for the District of Oregon. *See* CR Docs. # 2, 6. For that offense, he was sentenced to a 51-month term of imprisonment, followed by a five-year term of supervised release. *Id.* Sykes

---

[1] References to document numbers assigned by the Clerk in this civil action, Civil Action No. 2:18cv167-WKW-CSC, are designated as "CIV Doc. #." References to document numbers assigned by the Clerk in the supervised release/revocation matters in the criminal case, Case No. 2:16cr93-WKW, are designated as "CR Doc. #." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

was released from custody and placed on supervised release in March 2013. CR Doc. # 1. In February 2016, jurisdiction over his supervised release was transferred to the Middle District of Alabama. *Id.*

In April 2016, the U.S. Probation Office filed a petition to revoke Sykes's supervised release based on multiple alleged violations. CR Doc. # 2. The petition was amended in February 2017. CR Doc. # 8. On March 16, 2017, a final hearing was held on the petition before United States District Court Judge W. Keith Watkins. CR Doc. # 30. Sykes pled guilty to six violations of the terms of his supervised release.[2] *Id.* Following the hearing, Judge Watkins revoked Sykes's supervised release and sentenced him to 36 months' imprisonment (with no term of supervised release to follow). CR Docs. # 28, 29. Sykes did not appeal the judgment.

On March 8, 2018, Sykes filed this § 2255 motion presenting the following claims:

1. Counsel in his revocation proceedings was ineffective for failing to object when the district court imposed an upward variance to sentence him to 36 months' imprisonment where his calculated guidelines range was 18 to 24 months.

2. His 36-month sentence was improper when less than 36 months remained on the undischarged term of his supervised release.

---

[2] ▪ Violation No. 1 was for failing to report to his probation officer and submit monthly reports for the months of October 2015 through January 2017.
 ▪ Violation No. 2 was for changing his residence without notifying his probation officer.
 ▪ Violation No. 3 was for gambling. (Sykes gambled away his father's mortgage money, resulting in foreclosure on his father's residence.)
 ▪ Violation No. 4 was for failing to make minimum restitution payments for an extended period of time.
 ▪ Violation No. 5 was for conveying assets in excess of $500 without notify his probation officer. (Sykes convinced two of his church members to invest money in a business venture that did not exist. One of the church members invested $1,000 and the other member invested $600.)
 ▪ Violation No. 6 was for committing new criminal offenses, specifically, forgery in the second degree and eluding the police. CR Doc. # 8; *see* CR Doc. # 30.

3. His 36-month sentence was an abuse of discretion when the U.S. Attorney did not request a sentence greater than the calculated guidelines range of 18 to 24 months.

4. The district court erred in considering his criminal history when he was already punished for that criminal history in the sentence imposed for his 2009 bank fraud conviction.

CIV Doc. # 1 at 4–10.

The Government argues that Sykes's claim of ineffective assistance of counsel is without merit and that his remaining claims are procedurally defaulted and without merit. CIV Doc. # 5.

## II. DISCUSSION

### A. General Standard of Review

The grounds for collateral attacks under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.   Ineffective Assistance of Counsel Principles**

To prevail on a claim of ineffective assistance of counsel, a movant must establish that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To prove prejudice, the movant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's unprofessional errors." *Patel v. United States*, 252 F. App'x 970, 972 (11th Cir. 2007). Unless the movant satisfies the showings required on both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

**C.   Sykes's Claims**

   *1.   Counsel's Failure to Object to Upward Variance*

Sykes claims his counsel in the revocation proceedings was ineffective for failing to object when the district court imposed an upward variance and sentenced him to 36 months' imprisonment where his calculated guidelines range was 18 to 24 months. CIV Doc. # 1 at 4–6. The record, however, refutes this claim and is clear that Sykes's counsel objected when the district court sentenced him to the upward variance.[3] CR Doc. # 30 at

---

[3] Sykes's former counsel, Donnie W. Bethel, objected as follows: "We would object to an upward variance in this case. I believe it's greater than necessary to satisfy all the requirements under 18 U.S.C. Section 3553(a)." CR Doc. # 30 at 21.

4

21. Accordingly, this claim of ineffective assistance of counsel lacks merit and entitles Sykes to no relief.

### 2. *Remaining Claims Regarding Sentence*

Sykes presents three more claims regarding the length of his sentence. He argues that (1) his 36-month sentence was improper when less than 36 months remained on the undischarged term of his supervised release; (2) his sentence was an abuse of discretion when the U.S. Attorney did not request a sentence greater than the calculated guidelines range of 18 to 24 months; and (3) the district court erred in considering his extreme criminal history when he was already punished for that criminal history in the sentence imposed for his 2009 bank fraud conviction. CIV Doc. # 1 at 7–10. The Government argues these claims are procedurally defaulted because Sykes failed to raise them in the district court or in an appeal. CIV Doc. # 5 at 4–6.

Ordinarily, where a claim is not advanced in the trial court or on appeal, it is procedurally barred in a § 2255 proceeding. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011); *Reece v. United States*, 119 F.3d 1462, 1467 n.9 (11th Cir. 1997); *Mills v. United States*, 36 F.3d 1052, 1055–56 (11th Cir. 1994). A petitioner can avoid this procedural bar by showing cause for failing to raise the claim previously and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167–68 (1982); *Mills*, 36 F.3d at 1055.

Sykes seeks to excuse the procedural default of his claims by arguing that his counsel was ineffective for failing to raise the claims in the district court. CIV Doc. # 7 at 3. A meritorious claim of ineffective assistance of counsel can constitute cause to excuse

5

procedural default in some circumstances. *Reece*, 119 F.3d at 1465. Accordingly, this court addresses Sykes's claims about the length of his sentence in the context of his allegations of ineffective assistance of counsel.

\* \* \*

Sykes says his counsel in the revocation proceedings was ineffective for failing to argue that his 36-month sentence was improper because less than 36 months remained on the undischarged term of his supervised release. CIV Doc. # 1 at 7; CIV Doc. # 7 at 3. The term of incarceration for a supervised release violation is addressed in 18 U.S.C. § 3583(e)(3). Nothing in § 3583(e)(3) suggests that the length of the undischarged term of supervised release, or the term served, is a factor in determining the term of incarceration for a supervised release violation. Indeed, the statute provides that the term of incarceration for a supervised release violation should be imposed "without credit for time previously served on post-release supervision." *See* 18 U.S.C. § 3583(e)(3).

There is no reasonable probability that an argument like the one propounded by Sykes would have obtained Sykes a shorter term of incarceration. His counsel was not ineffective for failing to make this argument. Because Sykes does not present a meritorious claim of ineffective assistance of counsel, he fails to establish cause to excuse his procedural default of this claim regarding the length of his sentence.

\* \* \*

Sykes also asserts that his counsel was ineffective for failing to argue that his sentence was an abuse of discretion when the U.S. Attorney did not request a sentence greater than the calculated guidelines range of 18 to 24 months. CIV Doc. # 1 at 9; CIV

6

Doc. # 7 at 3.  Sykes presents no authority for an argument that the district court is bound by statements or suggestions by the U.S. Attorney about the appropriate term of incarceration.  There was no plea agreement calling for a sentencing recommendation by the Government.  Again, there is no reasonable probability that an argument like Sykes's would have changed the outcome of his case.  His counsel was not ineffective for failing to make the argument.  Therefore, Sykes fails to establish cause to excuse his procedural default of this claim.

*   *   *

Finally, Sykes says his counsel was ineffective for failing to argue that the district court erred in considering his criminal history in imposing his sentence.  CIV Doc. # 1 at 10; CIV Doc. # 7 at 3.  Sykes says he was already punished for his criminal history in the sentence imposed on him for his 2009 bank fraud conviction.  *Id.*  The district court stated it was imposing the upward variance on Sykes due to his "extreme criminal history and [his] other conduct under supervision."  CR Doc. # 30 at 21.  Sykes pled guilty to six violations of the terms of his supervised release.  The record reflects he had a prodigious criminal history before his 2009 conviction and a prodigious history of violating the terms of his supervised release.  It is clear that, imposing Sykes's 36-month sentence, the district court considered Sykes's troubling behavior occurring both before his 2009 conviction and while on supervised release.

Review for the substantive reasonableness of a sentence involves "examining the totality of the circumstances, including an inquiry into whether the statutory factors in [18 U.S.C.] § 3553(a) support the sentence in question."  *United States v. Gonzalez*, 550 F.3d

1319, 1324 (11th Cir. 2008). Here, multiple § 3553(a) factors supported the upward variance.[4] Sykes demonstrated an inability to conform his conduct to the requirements of the law—before his conviction and after his release. Even while on supervised release, Sykes continued to commit crimes. The disrespect for the law reflected in his recidivism, the need for deterrence, and the need to protect society supported the upward variance.

There is no reasonable probability that Sykes would have obtained a lesser sentence by arguing that his 36-month sentence constituted a "double sentencing" for his pre-conviction criminal history. Nor was Sykes reasonably likely to have prevailed by arguing that the court must ignore his criminal history. Sykes's counsel was not ineffective for failing to make such arguments. Therefore, Sykes fails to establish cause to excuse his procedural default of this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Sykes's motion to vacate under 28 U.S.C. § 2255 be DENIED and this case be DISMISSED with prejudice.

It is further

---

[4] Under 18 U.S.C. § 3553, among the factors to be considered by the district court in imposing a sentence are:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
    (2) the need for the sentence imposed—
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant[.]
18 U.S.C. § 3553(a)(1),(2)(A)–(C).

ORDERED that the parties shall file any objections to this Recommendation by February 9, 2021.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 26th day of January, 2021.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE